## ASSUMPTION OF RISK UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT.

Court of Appeals for Preble County.

### The Dayton & Union Railway Company v. Edward C. Bunger.*

Decided, June 1, 1914.

*Railways—Injury to Engineer Employed in Interstate Commerce— From a Defect of Which He Had Knowledge—Charge of Court as to Assumption of Risk.*

The common law doctrine of assumption of risk remains in force under the federal employers' liability act, except as provided in Section 4 of said act.

Error to the Court of Common Pleas of Preble County.

*M. R. Waite, Nevin & Kalbfus* and *Fisher & Crisler,* for plaintiff in error, cited and commented on the following cases:

Bowers v. Ry. Co., 10 Ga. App., 367; Hall v. R. R. Co., 169 Ill. App., 12, 17-19; Barker v. Kansas City, etc. Ry. Co., 129 Pac. Rep., 1151; Freeman v. Powell, 144 S. W., 1033; Neal v. Idaho R. R. Co., 125 Pac. Rep., 331; Seaboard Air Line Ry. v. James T. Horton, decided April 27th, 1914, U. S. Supreme Court.

*Matthews & Matthews* and *Reisinger & Reisinger,* for defendant in error, cited:

Philadelphia & Atlantic Ry. Co. v. Tucher, 35 App. Cases, Dist. of Columbia, p. 123; Wright v. Y. & M. Valley Ry. Co., 197 Fed., 94; Deatley v. C. & O. Ry. Co., 201 Fed., 591; Northern Pacific Ry. Co. v. Mearkel, 198 Fed., p. 1; Doherty on Liability of Railroads to Interstate Employees.

This is a suit for damages on account of personal injuries. The defendant in error was an engineer in the employ of the plaintiff in error company and had been in the employ of said company for about six years; three years of said time as fireman

---

*Reversing *Bunger* v. *D. & U. Railway Co.,* 14 N.P.(N. S.), 487.

and about three years as engineer. He received the injuries complained of while he was acting in his capacity as engineer for the plaintiff in error company hauling a freight train and being at the time engaged in interstate commerce.

Plaintiff in error in its answer (as defendant in the court below), set up as a third defense the fact that the defendant in error (plaintiff below) well knew of the defects of which he complained and that he had known of them for a long time prior to the accident, and that he, therefore, in doing as he did, with knowledge of such defect, assumed all the risks arising from the acts of the defendant of which he complained. The defendant in error demurred in the court below to this third defense, and the common pleas court sustained said demurrer on the ground that under the federal employers' liability act of April 22, 1908 (35 U. S. Stat. at Large, 65, Chap. 149; Supplement to Compiled Statutes, 1911, page 1322), the defense of the assumption of risk had been entirely abolished and could no longer be pleaded. It was admitted that the said federal employers' liability act controlled this case, and also, that there was no violation of the federal safety appliance act.

Upon trial a verdict was rendered in favor of the defendant in error, motion for a new trial argued and overruled, and the case taken on error to the court of appeals.

At the close of the evidence, and before argument, plaintiff in error submitted a number of special charges to the common pleas court, some of which were refused; among others refused were the following:

Special Charge No. 14: "I charge you as the law that the plaintiff can not recover from the defendant on account of his injuries if you find from the evidence that the defects of which he complains were known to the plaintiff, no matter how negligent the defendant may have been. Under these circumstances the plaintiff assumes the risk and if injured can not recover."

Special Charge No. 18: "I charge you that an employee assumes the risk of the ordinary dangers of his occupation and also those risks which are known to him or are so clearly observable that he may be presumed to know them. And so if you find from all the evidence in this case that the plaintiff was

was injured while in the discharge of a duty involving the ordinary dangers of his occupation, or if in the discharge of that duty he voluntarily placed himself in a position of danger which was known to him or which was clearly observable by him, or in the exercise of ordinary care should have been clearly observable by him, he assumes the risk of his act and can not recover damages from the defendant.''

FERNEDING, J.; ALLREAD, J., and KUNKLE, J., concur.

This action was brought under the federal employers' liability act of 1908. The federal safety appliance act contemplated by Section 4 of the federal employers' liability act had not become effective at the time of the injury complained of. The trial court adopted the view that the common law defense of assumption of risk was abolished by Section 1 of the federal employers' liability act. Accordingly, the demurrer was sustained to the third defense embodying such defense, and such defense was not allowed to be considered in favor of the railway company during the conduct of the trial.

If we were called upon originally to construe Section 1 of the federal employers' liability act we would strongly be inclined to hold the same view; but since the case has come into this court the Supreme Court of the United States, which is the highest authority upon the federal question involved here, has authoritatively decided that the common law doctrine of assumption of risk remains in force except as provided in Section 4 of the federal employers' liability act. Upon the authority therefore of *The Seaboard Air Line Railway Company* v. *James T. Horton,* decided April 27th, 1914, by the Supreme Court of the United States, we hold that the trial court erred in sustaining said demurrer to the third defense.

We are also of the opinion that the trial court erred in its refusal to give charges Nos. 14 and 18, requested to be given to the jury before argument by the defendant, to which refusal proper exceptions were noted.

The judgment of the common pleas court is, therefore, reversed and the cause is remanded to that court with instructions to overrule the demurrer to the third defense of the answer, and for further proceedings.